# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**BENJAMIN W. SMITH,**                                                **PETITIONER**

**V.**                                                **NO. 3:03CR122-GHD**

**UNITED STATES OF AMERICA,**                            **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Benjamin Smith's, a *pro se* federal inmate, § 2255 motion in which he is seeking to vacate or reduce his sentence. The government has responded and the Petitioner replied. This matter is now ripe for resolution.

*A. Factual and Procedural Background*

On August 28, 2003, Petitioner was charged in a four-count indictment of conspiracy to distribute marijuana, possession of marijuana with intent to distribute, and possession of firearms in furtherance of a drug trafficking crime.[1] Petitioner retained Kent Smith as his attorney and plead not guilty at his arraignment. On April 9, 2004, with the assistance of counsel but without a plea agreement with the Government, Smith pled guilty to all four counts of the indictment.

Subsequent to his guilty plea and days before the imposition of his sentence, Smith dismissed attorney Kent Smith and retained James Franks.[2] On June 23, 2004, the court sentenced Smith to

---

[1] Smith had been charged through a criminal information of similar charges. *See U.S. v. Smith*, No 3:03CR028. With the assistance of his retained counsel, Warner Hodges, Smith entered into a plea agreement. Later, upon motion, Smith was allowed to withdraw the plea agreement. The information was dismissed and the case was closed on October 9, 2003.

[2] Prior to the indictment, Smith offers that he retained attorney Warner Hodges. Attorney Hodges never entered an appearance on Smith's behalf.

ten years imprisonment[3], the statutory minimums established by 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 21 U.S.C. § 924(c)(1). Smith did not appeal his conviction or his sentence.

On January 28, 2004, while the criminal case was pending, Smith filed a civil complaint naming as defendants the Assistant United States Attorney ("AUSA") who was prosecuting the criminal matter and the Federal Bureau of Investigation Special Agent who investigated Smith. The civil suit was Smith's attempt to regain possession of his truck and home that had been seized after his arrest in the criminal case. By opinion of the court on April 12, 2004, the civil matter was dismissed for failure to state a claim upon which relief could be granted. *See Smith v. U.S.*, et al., No. 3:04cv014 (April 12, 2004).

On February 2, 2005, Smith filed the present motion to vacate his sentence setting forth essentially five grounds for relief. In his own words, Petitioner argues:

Ground One: he was denied effective assistance of counsel because his attorney was laboring under a conflict of interest;

Ground Two: the AUSA was laboring under a conflict of interest;

Ground Three: the evidence was insufficient to sustain his conviction for possession of a firearm;

Ground Four: his conviction and sentence violated the principals established in *Blakely v. Washington*, 524 U.S. 296 (2004); and

Ground Five: his mental condition invalidated his plea and sentence.

A supplemental filing includes the accusation that despite being asked to do so, Smith's attorney failed to perfect an appeal. For reasons discussed below, with the exception of the supplemental argument, Petitioner's Grounds One through Five will be denied.

---

[3] Smith's sentence consisted of 60 months for Counts 1 through 3 to be served concurrently, and 60 months on Count 4 to be served consecutively.

### B. Discussion

Ground One

Did Petitioner's attorney have a conflict of interest? In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. As long as the defendant understood the length of time he might possibly receive in his sentence, he was fully aware of his plea consequences then his guilty plea was not unknowing or involuntarily, even if he received erroneous advice of counsel regarding the sentence likely to be imposed. *U.S. v. Sana Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

Smith never clearly articulates which of his counselors suffered from a conflict of interest. Neither does Smith clearly identify an actual conflict of interest. As best the court can determine, Petitioner is complaining that attorney Kent Smith was operating under a conflict of interest when Petitioner entered a guilty plea. Through an extremely protracted explanation, Petitioner implicitly argues that attorney Smith was not representing his best interest because the counselor advised him to plead guilty to the charges. Further, according to Petitioner, his counsel suggested that in exchange for dismissing the civil action Petitioner would received a more lenient sentence for the

3

criminal charges. In support of the conflict theory, Petitioner contends that his attorney, again presumably Kent Smith, prepared a notice of voluntary dismissal to be entered in the civil action and fraudulently obtained Petitioner's signature thereon.

An error is not established simply because an attorney advises a defendant to plead guilty to the charges. Indeed, under some circumstances pleading guilty may be the most prudent course of action. And, a defendant may disagree with the attorney's advice without creating a conflict of interest. While counsel is to provide guidance as to the entry of a plea, it is ultimately the defendant's decision to enter a plea or proceed to trial. *See Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). Absent an error of constitutional magnitude, Petitioner should not now be heard to complain about the consequences of the decisions he made.

As for the conspiracy to terminate the civil case eluded to by Petitioner, the undeniable facts dispel any unprofessional conduct. Petitioner's civil case was dismissed by opinion of the court on April 12, 2004. A voluntary dismissal was never presented to the court. Therefore, even if he did unknowingly sign a notice of voluntary dismissal, the purported document had no impact in the civil case. Similarly, the existence and dismissal of his civil case had no effect on the criminal charges Petitioner was facing. In any event, there is no proof that attorneys Smith, Franks or Hodges were operating under a conflict of interest. Rather, Plaintiff has offered only conjecture and speculation regarding the existence of a conflict which was likely borne out of his own frustration.

Further dispositive of the issue is a letter Smith attached to his petition addressed to him from attorney Smith. The letter was a synopsis of the criminal charges Smith was facing along with an analysis of the strengths and weaknesses of the Government's case. Attorney Smith concluded in the letter that the drug possession charges would be difficult to defend but there was some possibility of refuting the firearm count. This letter contradicts Petitioner's conflict argument and provides proof that attorney Smith understood the intricacies of the criminal charges and was prepared to competently defend Petitioner. In addition, Smith's respective attorneys were able to reach two

4

separate plea agreements with the Government which were each thwarted by Smith's actions. There is ample proof of the attorneys' capable and reasonable representation of Petitioner. In contrast, Petitioner's conflict of interest theory has no support and is denied.

Ground Two

Next, Petitioner argues that the AUSA, who prosecuted the criminal case, was also laboring under a conflict of interest. Again, Petitioner's theory is that the AUSA conspired with defense counsel to deprive him, Petitioner, of his property. Petitioner also adds that the AUSA, as a defendant in the civil action, should not have been permitted to prosecute the criminal case.

A quick review of the indisputable chronology of the cases defeats Petitioner's assertion that the AUSA had a conflict of interest. The indictment was issued on August 28, 2003. The civil case was initiated by Smith on January 28, 2004 approximately five months after the he was officially charged. It would be illogical to allow a defendant to manufacture a conflict of interest with a civil lawsuit in order to discredit prosecutors and officials.

Generally, a potential conflict of interest that might result from a personal civil suit filed against an AUSA by a defendant in a criminal case for acts undertaken by the prosecutor in his official capacity in the criminal matter would have to be very strong before disqualification would be justified. Disqualification cannot be justified by mere inference from the filing of the civil suit. Rather, disqualification would be warranted only where prosecutorial misconduct is proven by clear and convincing evidence. *See* 63C Am. Jur. 2d *Prosecuting Attorneys* § 48.

Before error is assigned for a prosecutor's actual conflict of interest, the defendant must demonstrate some resulting prejudice. Smith has not convinced this court that there was a conflict of interest or prosecutorial misconduct. The court will not infer a conflict simply because Smith filed a frivolous civil suit while the criminal charges against him were pending. Furthermore, Smith has not shown that his criminal conviction and sentence were tainted by prejudice. To the contrary,

Smith plead guilty to all counts of the indictment without a plea agreement. The record reflects that Smith's plea was knowing, intelligent and voluntary.

Additionally, as to Smith's conspiracy theory, during the change of plea hearing, the court specifically asked "[a]re you satisfied with your attorney's representation? Yes, sir. Do you feel that he has represented your best interest in this matter? Yes, sir." Change of Plea Hrg. p. 4:12-16 (Apr. 9, 2004). The court also asked Smith, "[h]as anyone threatened you or anyone else or forced you to plead guilty in this case? No, sir. . . . has anyone made any promise or promises to you that have induced you to plead guilty? No, sir." *Id.* at pp. 10:17-19, 11:12-14. Smith was thoroughly questioned by the court before entering a guilty plea. The answers he provided belie his current claims of a conspiracy and conflicts of interest. Therefore, Ground Two is denied.

<u>Ground Three</u>

Next, Petitioner avers the evidence was insufficient to sustain his conviction for possession of a firearm. In support, Smith offers that the guns, which formed the basis for the felon in possession of a firearm charge, did not belong to him. Instead, Smith states that he allowed his son to store the guns at his, Smith's, home to keep them away from small children. The argument, however, is contradicted by Smith's own admissions.

Again, during the change of plea hearing, reading from the factual basis which supported the indictment, the Government stated, "[o]fficers on the scene described Mr. Smith as advising them that he had the weapons there to protect the drugs and the money." Change of Plea Hrg. p.13:13-15. After reciting the facts used to support the charges, the court asked Smith "do you agree with what the prosecutor said you did?" *Id.* at p.14:11-12. Smith responded, "[e]xcept for the amount of dope, the marijuana." *Id.* at p.14:13. Attorney Smith interjected, "my client *agreed with everything* except the exact quantity per week that is alleged to have been sold to him." *Id.* at p.14:14-16 (emphasis added).

6

Also, Smith has never formally disputed possession[4] of the weapons despite being given ample opportunity to provide mitigating proof to the court both at the change of plea and sentencing hearings. Given the facts as alleged and admitted to by Smith, an insufficiency of the evidence argument is doomed to fail. Accordingly Petitioner's argument is has no merit.

Ground Four

Petitioner alleges his conviction and sentence violated the principals established in *Blakely v. Washington*, 524 U.S. 296 (2004). Petitioner's understanding of the law, in this regard, is misplaced. Smith's sentence was not enhanced by any factors other than those to which he pled guilty. In other words, his sentenced was not enhanced by any judicial found facts. Moreover, though at the time subject to the federal sentencing guidelines, Smith received the minimum sentences established and required by federal statute. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), 18 U.S.C. § 924(c)(1). Indeed, in light of Smith's guilty plea to each count of the indictment, a lesser sentence was statutorily prohibited. Thus, Ground Four is meritless.

Ground Five

Lastly, Smith contends his mental condition invalidated his plea and sentence. Smith supports his claim with medical documentation from 1993 diagnosing him with "post traumatic stress disorder." The government does not dispute the diagnosis but suggests that alone it is insufficient to disturb the conviction and sentence.

Smith was questioned at length during both the change of plea and sentencing hearings regarding his understanding of the charges against him and the consequences of pleading guilty. As to each question, Smith responded affirmatively that he understood the charges, penalties and consequences. The court asked Smith "[a]re you presently under the influence of any medicine, drug, alcoholic beverage, any substance that would affect your ability to think and reason? No, sir.

---

[4] According to a letter addressed to Smith from attorney Kent Smith, his attorney was anticipating utilizing a defense to the gun possession charge based on lack of evidence. No such defense or argument was ever before the court.

Do you understand why you're before this court today? Yes, sir." Change of Plea Hrg. p. 3:18-23. The court even asked the attorneys "do either of you have any doubt as to this defendant's competency to enter a plea of guilty?" Both attorneys indicated they had no reason to doubt Smith's competency. *Id.* at pp. 3:24-25, 4:1-4.

Moreover, the document which shows Smith suffers from post traumatic stress indicates that his "thoughts are rational, relevant and goal directed with no loosening of associations or flight of ideas. There is no evidence of delusions or hallucinations . . . his memory was intact." The document is concluded with a note indicating that Smith was stable upon his discharge. While the document proves that Smith does in fact suffer from a psychological condition, it also shows that he is cognitively functional. Furthermore, Smith does not aver with any specificity how a 1993 post traumatic stress diagnosis interfered with his ability to make informed, knowing and voluntary decisions. *See Whitaker v. Quarterman*, 2006 WL 2683388 at \*\*2-3, 200 Fed. Appx. 351, 355-56 (5th Cir. 2006) (mitigating evidence of mental deficiency must be specific and not conclusory). Without more, the diagnosis alone does not cast doubt upon the validity of his plea and constitutionality of his sentence. Therefore, Ground Five is not worthy of habeas relief.

<u>Attorney's Failure to Pursue an Appeal</u>

Smith's supplemental pleading includes an accusation that his attorney failed to file a notice of appeal despite being request to do so. The failure to file a notice of appeal is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). When an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78. Instead, the defendant must only demonstrate that there is a reasonable probability that but for counsel's failure, he would have timely appealed. *Id.* at 484, 486.

Because the record obviously contains no evidence of Smith's alleged request, he shall be afforded the opportunity to present proof at an evidentiary hearing demonstrating that he asked his attorney to perfect an appeal. *See U.S. v. Tapp*, 491 F.3d 263 (5th Cir. 2007) (vacating dismissal of 2255 motion and remanding for evidentiary hearing as to whether defendant requested his counsel file an appeal); *U.S. v. Gavin*, 260 F.3d 623 (5th Cir. 2001).

*C. Conclusion*

Consistent with the foregoing discussion, Grounds One through Five are dismissed. Disposition of sole remaining argument shall be withheld pending the conclusion of an evidentiary hearing.

A separate order in accordance with this opinion will be entered.

THIS the 8th day of November, 2007.

/s/ Glen H. Davidson
Senior Judge